UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ROYCE GREGORY LOUDNER, | Case No. 14-CV-4926 (PAM/SER) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| DENESE WILSON, Warden, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on petitioner Royce Gregory Loudner' request for a writ of habeas corpus. *See* 28 U.S.C. § 2241; ECF No. 1. The petition has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. This Court has conducted a preliminary review of Loudner's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Based on that review, this Court recommends dismissal of Loudner's petition without prejudice for lack of jurisdiction.

I. BACKGROUND

In 1992, Loudner was convicted after a jury trial on one count of abusive sexual contact in violation of 18 U.S.C. § 2244(a)(1) and two counts of aggravated sexual abuse in violation of 18 U.S.C. § 2241(c). *See* Petition at 2 [ECF No. 1]; *United States v. Loudner*, 991 F.2d 802 (8th Cir. 1993) (per curiam) (unpublished table disposition). He was sentenced to a 240-month term of imprisonment as a result. *See* Petition at 2.

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although Loudner seeks relief under § 2241, the Rules Governing Section 2254 Cases nevertheless apply here. *See* Rule 1(b).

As a federal sex offender, Loudner was required under the Sex Offender Registration and Notification Act ("SORNA") to register his address following his release from prison. *See* 18 U.S.C. § 2250(a). Loudner failed to update his address in 2011, in violation of SORNA. Not long thereafter, Loudner was indicted in the United States District Court for the District of South Dakota on two counts of failing to register as a sex offender in violation of § 2250(a). *See United States v. Loudner*, No. 3:12-cr-30144-RAL (D.S.D. filed Sept. 19, 2012). Loudner pleaded guilty to one of those counts and was sentenced to an 18-month term of imprisonment, with five years of supervised release to follow that imprisonment. *Id.*

After his second release from prison, Loudner again failed to register as a sex offender and failed to notify his probation officer 10 days prior to a change in residence, all in violation of his supervised release. As a result, Loudner's supervised release was revoked in June 2014, and he was sentenced to a 24-month term of imprisonment. Loudner is currently serving that sentence at the Federal Correctional Institution in Sandstone, Minnesota.

Loudner now petitions for a writ of habeas corpus pursuant to § 2241. (It is unclear from Loudner's petition whether he is challenging his 2012 conviction, the 2014 revocation of his supervised release, or both; the distinction is irrelevant for purposes of this Recommendation.) Loudner argues that the Eighth Circuit's recent decision in *United States v. Brewer*, 766 F.3d 884 (8th Cir. 2014), renders his current incarceration illegal. As explained below, Loudner has chosen the incorrect procedural vehicle for bringing his challenge; he must challenge the validity of his conviction and sentence through a motion brought under 28 U.S.C. § 2255 in the District of South Dakota, and not through a habeas petition brought in this District. Accordingly, this Court lacks the authority to grant Loudner the relief he seeks. Moreover, even if Loudner's

petition were properly before the Court, his substantive argument about the effect of *Brewer* is incorrect. For those reasons, Loudner's habeas petition must be denied, and this action must be dismissed.

## II.  ANALYSIS

"It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Likewise, a collateral challenge to the revocation of supervised release must also be raised in a motion to vacate under § 2255. *See Jackson v. Fisher*, No. 11-CV-2670 (JNE/JSM), 2011 WL 5593659, at *2 (D. Minn. Oct. 6, 2011) (collecting cases).

Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence brought in a habeas petition unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus [on] behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), because, when it applies, it can "save" a habeas petition from being dismissed under the § 2255(e) exclusive-remedy rule.

Loudner seeks to challenge the validity of his South Dakota conviction and subsequent revocation of his supervised release. He cannot raise this challenge through a habeas petition unless he can show that § 2255 is inadequate or ineffective in this case. Loudner has put forward no argument as to why § 2255 would be inadequate or ineffective to test the legality of his 2012 conviction or 2014 revocation, and no such argument occurs to this Court.[2] Because § 2255 is not inadequate or ineffective in this case, the savings clause does not apply, and Loudner's habeas petition in this District is barred by the exclusive-remedy rule. Accordingly, this action must be summarily dismissed for lack of jurisdiction. *See DeSimone*, 805 F.2d at 323-24.

In any event, the substantive argument put forward by Loudner as to why he is entitled to relief is unavailing. *Brewer* did not, as Loudner appears to believe, declare SORNA to be a nullity or find that all sentences imposed under SORNA are invalid. In 2007, the Office of the Attorney General promulgated an interim rule that made SORNA's registration requirements applicable to all sex offenders, including those who were convicted prior to the 2006 enactment of SORNA. *Brewer*, 766 F.3d at 886. This interim rule was not promulgated consistent with the dictates of the Administrative Procedures Act, and the Eighth Circuit found that SORNA therefore did not apply to the defendant in that case, who had been convicted due to the effect of the defective interim rule. *Id*. at 887-92.

The interim rule was superseded on August 1, 2008 by a new set of guidelines promulgated by the Office of the Attorney General. *Id*. at 886. These new guidelines mirrored the interim rule insofar as they made SORNA applicable to sex offenders who had been

---

[2] The fact that the limitations period for Loudner to challenge his 2012 conviction has likely expired is not sufficient to render § 2255 "inadequate or ineffective" for purposes of the exclusive-remedy rule. *United States v. Lurie*, 207 F.3d 1075, 1077-78 (8th Cir. 2000).

convicted prior to SORNA's passage. *Id*. These guidelines have never been found to be invalid by the Eighth Circuit; indeed, the Eighth Circuit has given its tacit consent to these guidelines.. *See id*. at 886; *United States v. Knutson*, 680 F.3d 1021, 1023 (8th Cir. 2012) (per curiam).

In addition, a "final rule" mirroring the interim rule was promulgated in 2010. *See Brewer*, 766 F.3d at 886. It was pursuant to this final rule that Loudner was convicted, as Loudner's violation of SORNA occurred in 2011. Like the preceding guidelines, the Eighth Circuit never invalidated or otherwise called into question the final rule.

Thus, *Brewer* concerns only individuals who (1) were convicted of a sex offense prior to the 2006 enactment of SORNA and (2) violated the terms of SORNA after the date of that statute's enactment, but prior to August 1, 2008. Loudner meets the first of those conditions and fails the second. His 1992 conviction occurred prior to the 2006 enactment of SORNA, but his failure to register occurred in 2011, after the interim rule had been superseded. *Brewer* therefore has no effect whatsoever on Loudner's conviction.

This is all academic, as the Court cannot consider the challenge raised by Loudner in his habeas petition. For the reasons explained above, the relief sought by Loudner is available to him only under § 2255 in the District of South Dakota, not in a habeas petition brought in this District. This Court therefore recommends that Loudner's habeas petition be denied, and that this action be dismissed without prejudice for lack of jurisdiction.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. The petition for a writ of habeas corpus of petitioner Royce Gregory Loudner [ECF No. 1] be DENIED.

2. This case be SUMMARILY DISMISSED WITHOUT PREJUDICE.

Dated: December 15, 2014
                                        *s/Steven E Rau*
                                        Steven E. Rau
                                        U.S. Magistrate Judge

## **NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 30, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A district judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.